Mary Ann McLeish, an Infant, by James S. McLeish, Her Guardian ad Litem, Respondent, v. The Brooklyn Heights Railroad Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr, Woodward and Rich, JJ.

Newburgh Land Company, Respondent, v. William E. Chadwick and The City of Newburgh, Appellants.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Hirschberg, Burr, Woodward and Rich, JJ., concurred.

Mary O'Brien, as Administratrix, etc., of John O'Brien, Deceased, Respondent, v. The Erie Railroad Company, Appellant.— Judgment and order affirmed, with costs, on the authority of *O'Brien* v. *Erie Railroad Company* (139 App. Div. 291). Hirschberg, Thomas, Woodward and Rich, JJ., concurred; Burr, J., dissented.

The People of the State of New York, Respondent, v. Antonio De Palmo, Appellant.— Judgment of conviction of the County Court of Westchester county affirmed. No opinion. Jenks, P. J., Hirschberg, Burr, Woodward and Rich, JJ., concurred.

Rastus S. Ransom, as Surviving Partner of the Late Copartnership of Ransom & Knevals, Appellant, v. Frazier Gilman, as Committee of Anna K. Gilman, a Lunatic, Respondent.— Judgment affirmed, with costs, on the authority of *Reed* v. *Gilman* (*post*, p. 931), decided herewith. Jenks, P. J., Hirschberg, Burr, Woodward and Rich, JJ., concurred.

Latham G. Reed, Appellant, v. Frazier Gilman, as Committee of Anna K. Gilman, a Lunatic, Respondent.— Independently of the question whether, if the statute had been suspended between March 19, 1891, and the date of the appointment of the committee after such appointment, it would again begin to run, we think that the evidence fails to establish by a fair preponderance thereof that Anna K. Gilman, down to 1907, had resided without the State, and remained continuously absent therefrom for the space of one year or more. Judgment affirmed, with costs. Jenks, P. J., Hirschberg, Burr, Woodward and Rich, JJ., concurred.

Mary Walsh, Respondent, v. American Lead Pencil Company, Appellant. (Appeal No. 1.) — Order vacating order requiring plaintiff to furnish security for costs reversed, with ten dollars costs and disbursements, and order reinstated upon the ground that it appears by a fair preponderance of evidence that the plaintiff was not a resident of the State of New York when the action was commenced. Jenks, P. J., Burr, Woodward and Rich, JJ., concurred; Hirschberg, J., dissented.